IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robert Lee Foster, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> Larry W. Powell; Tony Fisher; ) <br> J. L. Hall; Bradford James; Daniel K. ) <br> Swad; Ashley C. Harris; Spartanburg ) <br> County Jail; Spartanburg City Police ) <br> Department; Spartanburg Sheriff's ) <br> Department; Chuck Wright; Attorney ) <br> General Alan Wilson; and State of ) <br> South Carolina, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 7:20-cv-3252-TMC <br><br> **ORDER** |

Plaintiff Robert Lee Foster, a state prisoner proceeding *pro se*, filed this action against Defendants pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Before the court is the Report and Recommendation ("Report") of the magistrate judge recommending that this action be dismissed without issuance and service of process. (ECF No. 9 at 13). Plaintiff has filed objections to the Report. (ECF No. 12). The matter is now ready for review by this court.

1

# I. Background

Plaintiff asserts two claims challenging his conviction and sentence. Specifically, Plaintiff alleges (1) that his May 20, 2008 conviction for manufacturing and/or distribution of crack cocaine was obtained based on fabricated evidence presented by Defendants, and (2) that the max out date for his sentence has passed but he is still being held. (ECF No. 1 at 5). Plaintiff also challenges the conditions of his confinement, alleging that he was subjected to human slavery, human trafficking, and unreasonable exposure to the COVID-19 virus. *Id*. at 5–6.

The magistrate judge issued a Report recommending summary dismissal on multiple grounds. First, the magistrate judge concluded that Plaintiff's action attempts to assert claims that have been previously asserted against several of the named Defendants and dismissed as frivolous. (ECF No. 9 at 3–4 (citing *Foster v. Cole*, No. 3:09-452-PMD (dismissing as frivolous claims against Defendants Swad, Hall, James, and Harris pertaining to his 2008 conviction for manufacturing and distributing crack cocaine); *Foster v. Powers*, No. 9:15-1611-TMC (summarily dismissing claims against Defendants Power, Fisher, Hall, James, and Swad relating to his 2008 conviction)). Accordingly, the magistrate judge recommends that, to the extent Plaintiff is raising duplicate claims, they are frivolous and subject to dismissal. *Id*. at 4.

Second, the magistrate judge concluded that Plaintiff fails to state a claim for relief, to the extent he is challenging his 2008 state conviction, in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), which makes clear that that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983[,]" *id*. at 481. (ECF No. 9 at 5). Additionally, the magistrate judge noted that even if Plaintiff sought money damages in relation to his conviction rather than release from custody, *Heck* would bar his claims because the success of such claims would implicitly question the validity of the 2008 conviction and sentence, which Plaintiff fails to demonstrate has been previously invalidated. (ECF No. 9 at 5–6 (citing *Heck*, 512 U.S. at 486–87)). As for Plaintiff's slavery and human trafficking claims, the magistrate judge concluded that Plaintiff has not "allege[d] any facts to show that his Thirteenth Amendment rights have been violated" as a result of having to work a job during his confinement or that he was subject to trafficking. *Id*. at 6–7. And, with respect to Plaintiff's contention that his ongoing confinement exposed him to Covid-19 in violation of his constitutional rights, the magistrate judge noted that Plaintiff fails to allege that he suffered a significant injury as a result of a challenged prison condition or to identify any alleged acts by the named Defendants that reflected their deliberate indifference to such condition. *Id*. at 7.

Finally, the magistrate judge found that (1) Plaintiff fails to allege any specific facts to support a claim that the Defendants named in his lawsuit violated his federal constitutional or statutory rights, *id.* at 7; (2) Defendants Spartanburg County Jail, Spartanburg City Police Department and Spartanburg Sheriff's Department are not "persons" amenable to suit under § 1983, *id*. at 8; and (3) Defendant South Carolina Attorney General Alan Wilson is absolutely immune from suit based on prosecution-related activities in connection with judicial proceedings, *id*. at 9.

## II. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the

heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Because Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when

5

confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

### III. Discussion

In his objections to the Report, Plaintiff restates his challenge to the underlying conviction based on a letter of expungement. (ECF No. 12). The magistrate judge considered this argument and addressed it at length:

> Plaintiff submitted a copy of a letter from the Office of the Solicitor's Pre-Trial intervention Programs and Expungements for the State of South Carolina in which it is stated that certain information on Plaintiff's South Carolina Law Enforcement Division (SLED) background record may be eligible for an expungement from the public record. Listed is a 10/04/2007 charge for trafficking ice (methamphetamine) for which it was noted it was "non conviction – NO CHARGE." ECF No. 1-1 at 3. However, *Plaintiff has presented no evidence that the 2008 conviction and sentence for manufacturing and distributing cocaine base, for which he is currently incarcerated, has been expunged. Additionally, as noted above, any challenge to a conviction and sentence cannot be brought in a § 1983 action.*

(ECF No. 9 at 6) (emphasis added). The court agrees with the magistrate judge's analysis and notes further that, even if this action were construed as a § 2254 petition, it would be successive[1] and Plaintiff could not proceed without first obtaining pre-filing authorization from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. 2244(b)(3)(A).

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, and after considering the objections filed by Plaintiff, the court perceives no reason to deviate from the recommendations of the magistrate judge. Accordingly, the court **ADOPTS** the Report and incorporates it herein. (ECF No. 9). The court **DISMISSES** Plaintiff's action *without prejudice* and without issuance and service of process.[2]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 2, 2021

**NOTICE OF RIGHT TO APPEAL**

---

[1] Plaintiff has previously filed a petition for relief under § 2254. *See Foster v. Reynolds*, No. CV 9:14-3853-TMC, 2015 WL 5920736 (D.S.C. Oct. 8, 2015).

[2] The magistrate judge also recommends that the court deny Plaintiff's motion to proceed *in forma paurperis*. (ECF No. 9 at 9–13). In light of the court's disposition of this action, the court **DENIES** Plaintiff's motion (ECF No. 3) as moot.

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules